# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **CHRISTINA WILKS**,<br><br>        **Plaintiff,**<br><br>v.<br><br>**ANDREW SAUL**[1],<br><br>        **Commissioner of<br>        Social Security.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case #4:18-cv-00076-PK**<br><br>**Magistrate Judge Paul Kohler** |

Plaintiff, pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"). The scope of the Court's review of the Commissioner's final decision is specific and narrow. As the Supreme Court recently reiterated, "[o]n judicial review, an ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The threshold for evidentiary sufficiency under the substantial evidence standard is "not high." *Biestek*, 139 S. Ct. at 1154. Substantial evidence is "more than a mere scintilla," but means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotations and citations omitted). Under this deferential standard, this Court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). The Court's inquiry, "as is usually true

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Federal Rule of Civil Procedure 25(d). Section 205(g) of the Social Security Act states that an action survives regardless of any change in the person occupying the office of Commissioner of Social Security. 42 U.S.C. § 405(g).

in determining the substantiality of evidence, is case-by-case," and "defers to the presiding ALJ, who has seen the hearing up close." *Biestek*, 139 S. Ct. at 1157.

Having considered the parties' arguments, having reviewed the record and relevant case law, and having been otherwise fully informed, the Court will affirm the administrative ruling.

## DISCUSSION

**I.      Background**

Plaintiff applied for benefits in April 2015, alleging disability beginning in October 2014, due to bipolar disorder, personality disorder, and post-traumatic stress disorder ("PTSD") (Certified Administrative Transcript ("Tr.") 158-63, 184). She completed high school and a year-and-a-half of college, and had past relevant work as a stocker and picker at Walmart (Tr. 36-37, 184-85).

After a hearing (Tr. 30-53), an administrative law judge ("ALJ") issued a December 2017 decision finding that Plaintiff was not disabled (Tr. 12-29). The ALJ followed the familiar five-step sequential evaluation for assessing disability. *See generally* 20 C.F.R. § 416.920(a)(4) (outlining the process). As relevant here, the ALJ found that Plaintiff had a severe impairment (mood disorder), but that her medical conditions did not meet or equal the criteria of the disabling impairments listed at 20 C.F.R. pt. 404, subpt. P, app. 1 (Tr. 17-18). The ALJ next determined that Plaintiff retained the residual functional capacity ("RFC") to perform the full range of work but was limited to occasional contact with others (Tr. 18-23). Considering this RFC, and consistent with vocational expert testimony, the ALJ found that Plaintiff could perform her past relevant work, and in the alternative, could perform other work existing in significant numbers in the national economy (Tr. 23-24). Therefore, the ALJ concluded that Plaintiff was not disabled under the strict standards of the Act (Tr. 25).

2

The Appeals Council then denied Plaintiff's request for review (Tr. 1-6), making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. §§ 416.1481, 422.210(a).[2] This appeal followed.

## II. Analysis

On appeal, Plaintiff alleges that the ALJ's decision was not supported by substantial evidence, asserting that the ALJ erred in evaluating opinions from Plaintiff's treating nurse, Ms. Adams, and her treating counselor, Ms. Boorman (Plaintiff's Brief ("Pl. Br.") 7-15). As discussed below, the Court concludes that the ALJ's analysis of these medical source opinions was supported by substantial evidence in the record.

### 1. Ms. Adams

Ms. Adams is an APRN Clinical Nurse Specialist in Psychiatry and Mental Health. Plaintiff asserts that the ALJ did not provide "good reasons" for the weight given to Ms. Adams's opinions (Pl. Br. 8). But, the Court concludes that the ALJ reasonably weighed the multiple opinions from Ms. Adams.

Here, Ms. Adams issued several statements indicating that Plaintiff was "unable to work" due to her impairments (Tr. 436, 440, 529, 582, 583-92). She also opined that Plaintiff would experience marked[3] limitations in every category of mental functioning, including in her ability to understand, remember, and carry out very short and simple instructions (Tr. 444-47). The

---

[2] The agency significantly amended the regulations governing medical evidence for claims filed on or after March 27, 2017. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844 (Jan. 18, 2017) (final rules). However, because Plaintiff filed her application in 2015, the prior regulations and Social Security Rulings (SSRs) control.

[3] Defined as "unable to function in the particular work activity without serious interference in employment. The patient may be able to work, but only with significant accommodation"

(Tr. 444).

ALJ considered Ms. Adams's opinions, but concluded that they were entitled to little weight because they were inconsistent with Ms. Adams's own treatment notes andwith the record as a whole, and because Ms. Adams was a nurse with prescription privileges, not a medical doctor (Tr. 20-21). These were legitimate reasons to give less weight to Ms. Adams's opinions.

As a preliminary matter, the Court notes that a statement that a plaintiff is completely disabled or unable to work is never entitled to any weight or special significance. *See* 20 C.F.R. § 416.927(d)(1)-(3) (treating source opinions on issues that are reserved to the Commissioner are never entitled to any special significance); *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994) (a physician's opinion on an issue reserved to the Commissioner is not binding on the Commissioner in making his ultimate determination of disability). Thus, the ALJ reasonably declined to give any weight to Ms. Adams's opinions regarding whether Plaintiff was able to work.

Next, as the ALJ observed, Ms. Adams's opinion that Plaintiff would have marked mental limitations rendering her unable to function were inconsistent with Ms. Adams's own treatment notes (Tr. 20). After all, while Ms. Adams's notes reflected some fluctuation in Plaintiff's symptoms, more often than not her mental status examinations showed that Plaintiff retained good attention, normal awareness, good insight and judgment, logical and organized thought processes, good impulse control, and average intelligence (Tr. 20; *see, e.g.*, Tr. 331, 333, 335, 337, 339, 344, 347, 349, 353, 355, 358, 362, 364, 370, 374, 378, 380, 382, 384, 387, 410, 414, 515-16, 520-24, 528, 530-31). In addition, the ALJ noted that Ms. Adams often described Plaintiff as stable, which was also inconsistent with the extreme limitations that she assessed (Tr. 21; *see, e.g.*, Tr. 327, 347, 370, 530). As such, the Court finds that the ALJ reasonably determined that Ms. Adams's objective clinical findings were inconsistent with her extreme

4

opinions of Plaintiff's functional abilities. *See* 20 C.F.R. § 416.927(c)(4) (an ALJ must consider consistency); *White v. Barnhart*, 287 F.3d 903, 907-08 (10th Cir. 2002) (discrepancy between treating physician's very restrictive functional assessment and her contemporaneous examination a legitimate factor for rejecting that opinion); *Simmons v. Colvin*, 635 F. App'x 512, 515 (10th Cir. 2015) (unpublished) ("The ALJ also properly relied on the fact that Dr. Morse's impairment ratings on the forms were far more extreme than his own treatment notes would suggest.").

In addition, the ALJ reasonably considered Ms. Adams's qualifications, noting that she was not a medical doctor but a nurse with prescription privileges (Tr. 20). An ALJ is entitled to consider the qualifications of a medical provider when determining the weight to be afforded her opinion, and here, it was reasonable for the ALJ to consider that Ms. Adams was not an acceptable medical source. *See Bowman v. Astrue*, 511 F.3d 1270, 1274-75 (10th Cir. 2008) (discussing "other sources" under Social Security Ruling (SSR) 06-3p); *cf. Carr v. Commr., SSA*, 17-7077, 2018 WL 2410879, at *3 (10th Cir. May 29, 2018) (unpublished) ("[H]er opinion was that of an 'other non-medical source,' and the ALJ's analysis was sufficient so long as we can follow his reasoning.") (citation omitted)). Therefore, the Court concludes that the ALJ provided legitimate reasons for giving little weight to Ms. Adam's opinions, and the ALJ's decision will not be disturbed on substantial evidence review. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (citation and quotation omitted)).

### 2. Ms. Boorman

Ms. Boorman is an Associate Clinical Mental Health Counselor.  Plaintiff also challenges the ALJ's evaluation of Ms. Boorman's opinion.  Ms. Boorman, opined that Plaintiff would be unable to work and that she had no limitation in understanding and remembering very short and simple instructions, but had marked limitations in many others categories (Tr. 21; *see* Tr. 442, 444-48).  However, the ALJ evaluated this opinion and concluded that Ms. Boorman's statements were inconsistent with the record as a whole, including Ms. Adams's clinical observations, which as discussed, reflected that Plaintiff's mental status examinations were generally normal, with good attention, normal awareness, good insight and judgment, logical and organized thought processes, and good impulse control (Tr. 20-21; *see, e.g.*, Tr. 331, 333, 335, 337, 339, 344, 347, 349, 353, 355, 358, 362, 364, 370, 374, 378, 380, 382, 384, 387, 410, 414, 515-16, 520-24, 528, 530-31).  The Court finds that this was a reasonable assessment.  *See* 20 C.F.R. § 416.927(c)(4) (an ALJ must consider whether an opinion is consistent with the record as a whole); *Raymond v. Astrue*, 621 F.3d 1269, 1272 (10th Cir. 2009) (ALJ reasonably discounted physician's opinion that was inconsistent with other medical evidence).  In addition, having already set forth this evidence in evaluating Ms. Adams's opinion, the Court notes that the ALJ was not required to repetitively re-discuss it when weighing Ms. Boorman's opinion. *See Endriss v. Astrue*, 506 F. App'x 772, 777 (10th Cir. 2012) (unpublished) ("The ALJ set forth a summary of the relevant objective medical evidence earlier in his decision and he is not required to continue to recite the same evidence again in rejecting Dr. Wright's opinion.").

In addition, the ALJ discounted Ms. Boorman's statements because Ms. Boorman relied on Plaintiff's alleged dissociative episodes when assessing her with limitations, but as the ALJ noted, Plaintiff did not testify to any issues with dissociation during the administrative hearing

(Tr. 21; *see* Tr. 33-49). *See* 20 C.F.R. § 416.927(c)(4) (an ALJ must consider whether an opinion is consistent with the record as a whole); *Pisciotta v. Astrue*, 500 F.3d 1074, 1078-79 (10th Cir. 2007) (ALJ reasonably discounted a treating physician's opinion which was inconsistent with statements from the claimant and his mother). Thus, the ALJ also provided legitimate reasons for discounting Ms. Boorman's statements.[4]

Plaintiff does not appear to dispute that the many normal mental status examinations recorded by Ms. Adams were inconsistent with the limitations she and Ms. Boorman assessed, or that neither Ms. Adams nor Ms. Boorman was an acceptable medical source (Pl. Br. 10-15). Instead, she takes issue with the ALJ's characterization that she was "stable" on medications—but Ms. Adams described Plaintiff as "stable" on several occasions (Tr. 21; *see, e.g.*, Tr. 327, 347, 370, 530).[5] And although Plaintiff's symptoms fluctuated, the ALJ recognized this and limited her to only occasional social interaction as a result (Tr. 18). Significantly, both state agency psychologists evaluated the record, including treatment notes reflecting Plaintiff's

---

[4] Plaintiff notes that the ALJ did not explicitly assign a weight to Ms. Boorman's statements (Pl. Br. 8). While this is true, it is clear from the ALJ's decision that the ALJ gave little weight to Ms. Boorman's statements, as the ALJ discussed the limitations that she assigned and then immediately referenced conflicting evidence. Thus, the ALJ's decision was sufficiently specific for judicial review. *See Oceguera v. Colvin*, 658 F. App'x 370, 374 (10th Cir. 2016) (unpublished) ("Though the ALJ did not expressly state the weight she gave to Dr. Klein's opinion, her language makes clear that she accorded it little to no weight. . . . Because we can ascertain the weight given and the reasons for that weight, we think the ALJ was 'sufficiently specific' in her discussion of Dr. Klein's opinion."); *Zumwalt v. Astrue*, 220 F. App'x 770, 781 (10th Cir. 2007) (unpublished) (finding no reversible error where, although the ALJ did not explicitly weigh a treating physician opinion, the ALJ summarized the opinion and then immediately referenced conflicting evidence and contrary examining and reviewing source opinions, allowing the court to discern that the ALJ did not give the treating physician opinion controlling weight because of contradictory medical evidence). The Court will not remand for correction of errors that had no effect on the outcome of this case. *See Shinseki v. Sanders,* 556 U.S. 396, 408-09 (2009) (rejecting a legal framework that would "prevent the reviewing court from directly asking the harmless-error question," and that would justify "reversing for error regardless of its effect on the judgment" (citation and internal quotes omitted)).

[5] The Court also notes that Plaintiff testified that she used to "break down," have crying episodes, bite her arm, and hide, but that her medications had "taken all that away," which further supports the ALJ's finding (Tr. 48).

medication adjustments and fluctuations in symptoms, and concluded that she retained a mental RFC consistent with the ALJ's assessment.  And unlike Ms. Adams or Ms. Boorman, the state agency psychologists "are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation."  20 C.F.R. § 416.927(e)(2)(i); *see also Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2008)(a non-examining physician is an acceptable medical source, whose opinion the ALJ is entitled to consider).

Plaintiff also suggests that the ALJ discounted these opinions because "dissociation was mentioned in the medical source statements, [but] it was not a term that came up consistently during [Plaintiff's] actual treatment" (Tr. 21).  Plaintiff cites to treatment notes showing that her dissociative episodes were discussed more frequently than found by the ALJ (Pl. Br. 13).  However, as discussed, the ALJ provided other, valid reasons for discounting these opinions (Tr. 20-21).  Accordingly, while the Court concludes that the ALJ did understate Plaintiff's dissociative episodes, this oversight by the ALJ did not affect the ultimate outcome of Plaintiff's case, and therefore, will not result in remand.  *See, e.g.*, *Lax*, 489 F.3d at 1088 (ALJ's error in relying on an invalid reason (for invalidating the claimant's IQ scores) was harmless where the ALJ identified other valid reasons for finding).  Instead, the Court finds that the ALJ's decision was supported by substantial evidence in the record and it should be affirmed.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED, that the decision of the Commissioner is AFFIRMED.

Signed August 13, 2019.

BY THE COURT:

_____
Paul Kohler
United States Magistrate Judge